## ROY BROWN v. STATE.

No. A-2928. Opinion Filed May 29, 1918.

(172 Pac. 1098.)

INTOXICATING LIQUORS—Unlawful Possession with Intent to Sell—Sufficiency of Evidence. Evidence held insufficient to sustain a conviction for the unlawful possession of intoxicating liquors with intent to sell them.

*Appeal from County Court, Tulsa County;*
*H. L. Standeven, Judge.*

Roy Brown was convicted of the crime of unlawful possession of intoxicating liquor, with intent to sell it, and he appeals. Judgment reversed.

*Brown & Shackleford,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Tulsa county of the unlawful posses-

sion of intoxicating liquors, with intent to sell same, and his punishment was fixed at confinement in the county jail for a period of 90 days and a fine of $150.

After a careful consideration of the record in this case, the court has reached the conclusion that the judgment should be reversed. There is evidence in the record that the defendant had in his possession a half pint of whisky, but there is an entire lack of evidence to establish on his part any intent to sell same. The defendant took the witness stand in his own behalf, and testified that this was the first time that he had ever been arrested or tried for violation of the prohibitory laws of this state. There was no material conflict between the evidence of the state and that of the defendant, except that the evidence on the part of the defendant explained the possession of the whisky, and the explanation made by the defendant and the owner of the building in which his place of business was located was not contradicted.

Considering the evidence as a whole, while same might tend strongly to establish a suspicion that the defendant was guilty, we are clearly convinced that the proof in this case on the question of intent is wholly lacking, and that it would be a miscarriage of justice to permit the conviction to stand.

For this reason the judgment of conviction is reversed.